[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 906 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 907 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 908 
OPINION
Pauline D. appeals from an order terminating her parental rights (Welf. Inst. Code, § 366.26) with respect to her son, Malcolm.[1] She contends she did not receive proper notice of the section 366.26 permanency planning hearing, and the juvenile court at the section 366.26 hearing erroneously granted her attorney's motion to withdraw as her counsel. On review, we conclude although the mother received notice as prescribed by statute, the court did violate her statutory right to counsel by relieving her attorney. The error, however, was harmless.
 THE CASE AND THE FACTS
In January 1993, the superior court adjudged Malcolm D., born March 6, 1991, a juvenile dependent pursuant to section 360, subdivision (c). The court had previously found Malcolm came within its jurisdiction under section 300, subdivisions (b) and (j). Among other things, the child's mother abused controlled substances and alcohol to the point of impairing her ability *Page 909 
to provide suitable and stable housing and adequate care, supervision, food, and clothing.
At the time the court adjudged Malcolm a dependent child, it also ordered him removed from his mother's custody pursuant to section 361, subdivision (b)(1) and (5). Consequently, the court ordered the Fresno County Department of Social Services (the Department) to offer reunification services to the mother.
After approximately 16 months of reunification efforts, the court found reasonable services had been provided. Nevertheless, conditions still existed which would justify the court's initial assumption of jurisdiction. In particular, the mother had not availed herself of the services provided. Thus, it would be detrimental to return Malcolm to his mother's custody. In turn, the court terminated reunification services and set the matter for a section 366.26 hearing in October 1994.
The section 366.26 hearing ultimately commenced in December 1994 and concluded in March 1995. The court found it likely Malcolm would be adopted, selected adoption as the permanent plan for him, and terminated the mother's parental rights.
 DISCUSSION I. Motion to Dismiss (1) County counsel, on behalf of the Department, asks this court to dismiss the mother's appeal because the notice of appeal was apparently executed by an attorney in the Fresno County Public Defender's Office. Noting the court relieved the mother's counsel who was a member of the public defender's office during the section 366.26 hearing, county counsel contends the public defender's office was unauthorized to sign the notice of appeal. Cited in this regard is In re Alma B. (1994) 21 Cal.App.4th 1037
[26 Cal.Rptr.2d 592]. The court in Alma B. dismissed a section 366.26 appeal because the attorney who executed the notice of appeal had not been authorized specifically by his client to sign the notice of appeal. The Alma B. court explained: "Under California Rules of Court, rule 1, a notice of appeal must be signed `by the appellant or by his attorney. . . .' (See Seeley v. Seymour (1987) 190 Cal.App.3d 844, 853
[237 Cal.Rptr. 282] [rule 1 satisfied where any person authorized by the appellant signs on his or her behalf].) Because an attorney cannot appeal without the client's consent, a *Page 910 
notice of appeal shown to have been signed by an unauthorized attorney is ineffectual in preserving the right to appeal. (Guardianship of Gilman (1944) 23 Cal.2d 862, 864
[147 P.2d 530]; Isom v. Slaughter (1962) 200 Cal.App.2d 700, 705
[19 Cal.Rptr. 541].)" (Alma B., supra,21 Cal.App.4th at p. 1043.)
We first turn to Seeley v. Seymour (1987) 190 Cal.App.3d 844
[237 Cal.Rptr. 282], in which the court found the notice substantially complied with rule 1(a) of the California Rules of Court. The respondent asserted the signature on the notice of appeal was forged, and, in support of this assertion, respondent attached a declaration claiming the signature was not genuine. He represented to the court the notice was signed by the appellant's son. (Seeley v. Seymour, supra, 190 Cal.App.3d at p. 853.)
Seeley acknowledged case law which holds a notice of appeal signed by someone not authorized to act on appellant's behalf is ineffectual. However, recognizing the purposes of California Rules of Court, rule 1(a) are satisfied when any person, attorney or not, who is empowered to act on appellant's behalf, signs the notice, the court concluded even if the son signed the notice, he was authorized to so act in the absence of a clear and satisfactory showing he lacked such authority. (Seeley v.Seymour, supra, 190 Cal.App.3d at p. 853.)
The Seeley court also noted notices of appeal shall be construed liberally in favor of their sufficiency (Cal. Rules of Court, rule 1(a)), as well as the strong public policy favoring consideration of appeals on their merits and not depriving a party of his right to appeal because of technical noncompliance when an appeal is taken in good faith. (Seeley v. Seymour,supra, 190 Cal.App.3d at pp. 853-854.) In the absence of a satisfactory showing that the mother did not authorize counsel to sign the notice of intent, notwithstanding his removal as counsel of record at the hearing, we assume counsel had the necessary authority.
 II. Notice of Section 366.26 Hearing (2) The mother contends she did not receive proper notice of the March 6th section 366.26 hearing, and accordingly, she was denied her constitutional right to due process and her statutory right to notice under section 366.23.
 Factual Background
At the status review hearing in June 1994, the court found it could not safely return Malcolm to his mother's custody, terminated reunification *Page 911 
services and ordered a section 366.26 hearing set for October 4, 1994. On October 4, the hearing was continued to December 13, 1994. In the preceding month, the Department had changed its recommendation on a permanent plan for Malcolm from guardianship to adoption. Consequently, it believed it had provided insufficient notice in Malcolm's case.
On October 12, 1994, the Department personally served the mother with notice of the December 13th hearing date. The Judicial Council-adopted notice of hearing form advised the mother of the Department's recommendation as well as the court's authority to terminate her rights and free Malcolm for adoption at the December 13th hearing.
With the mother present at the December 13th hearing, the court reappointed the public defender's office to represent her. The court also found notice of the section 366.26 hearing properly served. Apparently because the mother had been arrested that morning when she arrived at juvenile court, the court continued the case in progress to December 20.
The mother likewise attended the December 20th hearing. She contested the recommendation for adoption; she asked the court to consider placing Malcolm and his half siblings with her mother and adopting long-term foster care as the permanent plan. For its part, the Department requested a 60-day continuance of the permanency planning hearing in order to complete its evaluation of the foster mother as a prospective adoptive parent of Malcolm. The court agreed to the continuance to "give the Department an opportunity to reassess whether or not adoption would remain an appropriate plan, and give mother an opportunity to contest the recommendation." It then continued the section 366.26
hearing in progress to March 6, 1995.
 Section 366.23
Parents are entitled to special notice of a section 366.26
hearing pursuant to section 366.23, which specifies in detail the necessary contents, timing, and methods for service of the notice. With regard to contents, the notice must state:
— the time and place of the proceedings;
— the parents' right to appear;
— the parents' right to counsel;
 — the nature of the proceedings; and *Page 912 
— the requirement that at the proceedings the court shall select and implement a plan of adoption, legal guardianship, or long-term foster care for the minor. (§ 366.23, subd. (a).)
Service of such notice must be completed at least 45 days or, in cases of notice by publication, 30 days before the date of the hearing. (§ 366.23, subd. (a).) If the petitioner recommends termination of parental rights, the parents are also entitled to notice of this recommendation which must be included in either the notice we have described or separate notice served by first class mail at least 15 days before the scheduled hearing. (§ 366.23, subd. (a).)
Subdivision (b) of section 366.23 describes seven methods by which notice of a section 366.26 hearing may be given to a parent, four of which are relevant to this case:
(a) Personal service to the parent (§ 366.23, subd. (b)(1));
(b) Substituted service (§ 366.23, subd. (b)(2));
(c) Service by publication (§ 366.23, subd. (b)(5) or (b)(7)); and
(d) In-court advisement (§ 366.23, subd. (b)(6)) if the parent is present at the hearing during which the court schedules the section 366.26 proceeding.
 Analysis
In this case the Department personally served the mother with notice of the section 366.26 hearing set December 13, 1994, in compliance with section 366.23. There is no dispute on this point. The court thereafter continued the hearing in progress first to December 20 and then to March 6, 1995. Further, the mother was present in court on both of the December dates when the court continued the matter.
The mother ignores this procedural history and instead argues that because she was present in court on December 20 when the court set the March 6th date for the continued hearing, the court should have given her notice pursuant to section 366.23, subdivision (b)(6), which provides: "Notwithstanding paragraphs (1) to (5), inclusive, if the parent is present at the hearing at which the court schedules a hearing pursuant to Section 366.26
regarding the minor, the court shall advise the parent of the time and place of the proceedings, their right to counsel, the nature of the proceedings, and of *Page 913 
the requirement that at the proceedings the court select and implement a plan of adoption, legal guardianship, or long-term foster care for the minor. The court shall order the parent to appear for the proceedings and then direct that the parent be noticed thereafter by first-class mail to the parent's usual place of residence or business only."
By her argument, the mother assumes notice given in compliance with section 366.23 is not enough if a juvenile court continues a section 366.26 hearing in progress. According to her, she or any other parent must receive new notice in full accordance with section 366.23. The mother fails to cite authority in support of her theory, other than the language of subdivision (b)(6) of section 366.23.
The case law is notably silent with regard to the court's obligation under section 366.23 when it continues a properly noticed section 366.26 hearing in progress. Nevertheless, the mother's argument is one of form over substance. She received proper notice under section 366.23 for the December 13, 1994, hearing. Thereafter, the court simply continued the hearing in progress to a future date with the mother present in court to learn of the continued date. The mother cannot rightfully claim she was not notified of her rights under section 366.26, let alone the date to which the court continued the section 366.26
hearing.
Therefore, we conclude when notice of a section366.26 hearing has been given in compliance with section 366.23, a continuance of the section 366.26
hearing in progress at a time when the parents are present does not require renoticing the parents pursuant to section 366.23. Further, because the record establishes the mother received notice, there can be no merit to her additional claim the court violated her constitutional rights.
 III. Order Relieving Counsel (3a) The mother also contends the court violated her constitutional and statutory rights by relieving her appointed counsel at the section 366.26 hearing. Although it appears the court did violate the mother's statutory right to counsel, she suffered no prejudice by the error.[2] *Page 914 
 Factual Background
At the beginning of the continued section 366.26 hearing on March 6, trial counsel for the mother advised the court she could not locate and contact her client; she described her efforts in this regard. When the court inquired what counsel was requesting, she replied by asking the court either to grant a continuance or relieve her as counsel for the mother. The court found no good cause for a continuance. Nevertheless, it granted counsel's request to be relieved. In so doing, the court found: "that you've made reasonable efforts to contact the client. That there is little to nothing that you could do in these proceedings without her cooperation and assistance. And to require you to remain would be an act of futility."
 Statutory Right to Counsel
Indigent parents have a statutory right to counsel in juvenile dependency proceedings. (§ 317.) Once appointed, counsel shall continue to represent a parent unless relieved by the court upon the substitution of other counsel or for cause. (§ 317, subd. (d).) An attorney who seeks to be relieved must give the client prior notice of the application. (Code Civ. Proc., § 284)
The mother contends the court granted her counsel's motion to withdraw without cause shown and without prior notice. She also contends she did not waive her right to counsel. The Department concedes there is no record counsel gave her client prior notice of her desire to withdraw and, therefore, the court erred in granting the request by the mother's trial counsel to be relieved. Nevertheless, it also argues trial counsel made a good cause showing.
Because respondent's counsel concedes statutory error, we proceed to the question of prejudice and the mother's additional claim of constitutional error. While the mother's appeal was pending, this court published a decision dealing with the propriety of an order permitting an attorney to withdraw (In reRonald R. (1995) 37 Cal.App.4th 1186 [44 Cal.Rptr.2d 22]). In *Page 915 
part, Ronald R. discussed the issue of good cause, and respondent asks us to reconsider that portion.[3]
 Cause (4) In In re Ronald R., supra, 37 Cal.App.4th 1186, 1192, a juvenile court permitted a parent's appointed counsel to withdraw from a dependency case for "the sole stated reason that counsel had been unable to contact [the parent]." To resolve whether that reason amounted to "for cause" under section 317, this court referred to In re Tanya H. (1993) 17 Cal.App.4th 825
[21 Cal.Rptr.2d 503], in which the court had offered a definition of "for cause": "`[F]or cause' must include some good reason personal to the individual sought to be removed [citation], one which affects or concerns the ability or fitness of the appointee to perform the duty imposed upon him [citations] or relates to and affects the administration of the office [citation]. Stated otherwise, `for cause' means inefficiency, incompetency, or any other like reason personal to counsel." (Inre Tanya H., supra, 17 Cal.App.4th at p. 831, fn. 5.)
Applying the Tanya H. definition to the situation before it,Ronald R. observed, "[n]othing in the record suggests that appointed counsel's inability to contact [her client] was due
to inefficiency, incompetency, or any other like reason personal to counsel." (In re Ronald R., supra,37 Cal.App.4th at p. 1193, italics added.) Respondent argues this interpretation ofTanya H. is unduly limiting because it mandates that the disqualifying factor or factors must be the cause, rather than a consequence, of the inability to contact.
Here, as in Ronald R., the mother's attorney offered only her inability to contact her client in support of her request to be relieved. The juvenile court nevertheless made findings that there was "little to nothing" counsel could do in these proceedings without her client's cooperation and assistance, and to require counsel to remain would be futile. There is no record to support these additional findings. The court's unsupported findings effectively undermine our holding in Ronald R.,
namely, that a court should not relieve an attorney simply because he or she is unable to contact the client. Counsel, not the court, needs to make the record to support an order granting his or her withdrawal. The attorney must explain for the record why he or she cannot proceed. If the attorney, as in this case, has reasonably but unsuccessfully attempted to contact the client, counsel must inform the court how the lack of contact adversely impacts his or her representation. The court is not a mind reader; it cannot draw inferences from an empty record. *Page 916 
(3b) Here, the case had been set for a contested section366.26 hearing because the mother objected to adoption as a permanent plan. The fact that counsel was unable to contact the mother did not necessarily mean the mother had a change of heart regarding the issue of adoption and no longer sought to contest the Department's recommendation. It also did not preclude counsel from challenging the Department's evidence regarding the child's adoptability and the suitability of the child's prospective adoptive parent. Even assuming the Department's evidence was unassailable, counsel's lack of contact with her client would still not necessarily prevent counsel from safeguarding the mother's procedural rights.
In addition, the mother also had asked the court at the prior hearing to consider placing Malcolm with his maternal grandmother. Counsel's inability to contact the mother did not necessarily preclude counsel from pursuing this avenue in some way at the section 366.26 hearing.
In other words, if an attorney who has been unable to contact his or her client wishes to be relieved from representing the absent client at a juvenile dependency hearing, that counsel must establish why the lack of contact prevents performance of his or her duty.
 Waiver (5) The mother also contends she did not waive her right to counsel. She cites section 317, subdivision (b) and section366.26, subdivision (e), both of which articulate the court's duty to appoint counsel for a parent unless the parent knowingly and intelligently waives the right to counsel.
Arguably, both section 317, subdivision (b) and section366.26, subdivision (e)(2), by their own terms, are irrelevant to the present issue. They deal with the court's duty to appoint counsel, not its power to relieve counsel. In addition, the provision of counsel for indigent parents in section 366.26, subdivision (e)(2) expressly depends on such a parent appearing at a permanency planning without counsel. Here, the mother did not attend the section 366.26 hearing, with or without a lawyer.
The court in In re Nalani C. (1988) 199 Cal.App.3d 1017
[245 Cal.Rptr. 264] not only found statutory language identical to section 366.26, subdivision (e)(2) relevant but also violated when a court relieved counsel in the parent's absence at a former Civil Code section 232 termination proceeding. Former Civil Code section 237.7 afforded the identical protection available under section 366.26, subdivision (e)(2) to parents in termination proceedings. The Nalani C. court interpreted the statutory language to require *Page 917 
appointed counsel to appear on behalf of an indigent parent in termination proceedings unless waived. (In re Nalani C., supra,199 Cal.App.3d at p. 1027.) The appellate court further ruled the parent's perceived disinterest in the case did not amount to a knowing and intelligent waiver because in that case there was evidence the parent intended to contest the proceedings.
We decline to follow In re Nalani C. in this instance. The statutory language by its own terms applies to the situation in which the parent appears at a termination proceeding without the benefit of counsel; that is not the case here. Furthermore, theNalani C. court offered little, if any, analysis for its decision to apply the statute to a situation in which the parent fails to attend the hearing. (See Nalani C., supra, 199 Cal.App. 3
d at pp. 1027-1028.) And finally, such an interpretation of section 366.26, subdivision (e)(2) would ignore the language of section 317, subdivision (d) which authorizes the juvenile court to relieve an attorney for cause. Thus, whatever merit the holding in Nalani C. had in former Civil Code section 232
proceedings, it is not germane in juvenile dependency proceedings.
 Notice (6) In addition, there is no showing counsel gave notice of her request to be relieved. In this regard, Code of Civil Procedure section 284 states:
"The attorney in an action or special proceeding may be changed at any time before or after judgment of final determination, as follows:
". . . . . . . . . . . . . . . . . . . . . . . . . . . .
"2. Upon the order of the court, upon the application ofeither client or attorney, after notice from one to the other." (Italics added.)[4]
The mother cites not only Code of Civil Procedure section 284, but also California Rules of Court, rule 376 in her claim of error. California Rules of Court, rule 376 describes the procedure to be followed on a Code of Civil Procedure section 284
motion to withdraw.[5] However, as this court explained inRonald R., supra, the procedure outlined in rule 376 is irrelevant *Page 918 
to dependency proceedings. (In re Ronald R., supra,37 Cal.App.4th at p. 1194, fn. 6.) Rule 376 is part of the civil law and motion rules of court which specifically do not apply to proceedings under the Welfare and Institutions Code. (Cal. Rules of Court, rules 301, 303(a)(1).)
 Procedure on Counsel's Motion to Withdraw (7a) In In re Ronald R., supra, 37 Cal.App.4th 1186, 1194, we stated counsel who seeks to be relieved must also request substitution of counsel or a continuance. (Ibid.) In that case counsel had not requested a continuance before asking to be relieved. We were concerned that counsel should make as broad a request as possible to permit the court to exercise its discretion and avoid, if reasonably possible, proceeding with a case in which a parent is no longer represented by counsel. To require otherwise would undermine the parent's right to representation. Ronald R., however, does not require the court necessarily to substitute counsel or grant a continuance.
As the facts of this case demonstrate, both of these alternatives, substitution of counsel or continuance, may be unwarranted. Assuming counsel in this case could have shown notice as well as good cause based in part on her inability to contact the mother, appointing new counsel would have been for naught. Presumably, new counsel would also be unable to contact the client. In addition, assuming there was proper notice of the hearing, counsel's inability to contact the parent, who in turn is absent from the hearing, does not constitute "good cause," nor is it "in the interest of the minor" to warrant granting a continuance. (§ 352, subd. (a).)
(3c) Thus, a parent's statutory right to counsel in dependency matters is of such importance that the parent's absence at a given hearing and counsel's *Page 919 
inability to contact the parent is insufficient as a matter of law to warrant relieving counsel. (In re Ronald R., supra,37 Cal.App.4th at p. 1194.) (7b) Nevertheless, when a parent is not present at a dependency hearing and counsel for that parent believes, for whatever reason, he or she cannot proceed in the client's absence, counsel should take the following steps: The attorney should seek a continuance before requesting to withdraw as the parent's counsel. (Ibid.) Assuming there is no good cause for a continuance or a continuance would not be in the minor's interest (§ 352, subd. (a)), the attorney should, depending on the circumstances, either request substitution of counsel or establish some good reason which adversely affects or concerns his or her ability or fitness to perform the duty of counsel for the parent that would warrant an order relieving the attorney. (In re Ronald R., supra, 37 Cal.App.4th at p. 1193.) In addition, the attorney must show notice to the parent of the prospective motion to withdraw. (Id. at p. 1194.)
 Prejudice 3d In Ronald R., this court also held the erroneous grant of an attorney's motion to be relieved is reviewed under theWatson[6] standard. (In re Ronald R., supra,37 Cal.App.4th at p. 1195.) Thus, the question is whether it is reasonably probable a result more favorable to the mother would have been reached in the absence of the court's error. (Ibid.) According to the mother, the error was prejudicial because Malcolm's adoption by his foster parent was not a foregone conclusion. In other words, the mother claims had her counsel not been relieved, it is reasonably probable the court would not have found Malcolm adoptable.
It is notable that the mother does not claim separately that there was insufficient evidence to support the court's adoptability finding. Clearly, there was uncontroverted proof in the form of an October 1994 social worker's report that the Department had completed a preliminary adoption assessment of the foster mother pursuant to section 366.21, subdivision (i)(4) which indicated she was suitable to adopt Malcolm. Apart from the foster mother's suitability, the report revealed Malcolm in his own right appeared likely to be adopted. He was only three years old. His physical and mental condition appeared normal; indeed, he appeared to be quite advanced academically for his age. He also appeared to be very happy, outgoing and well adjusted.
However, despite this rosy picture, there were questions raised by the Department. First, a few weeks after the social worker prepared her glowing assessment, she reported to the court that Malcolm appeared very angry; he *Page 920 
was having tantrums and acting out aggressively and destructively. The social worker requested and the court authorized a psychological evaluation to determine the nature of Malcolm's problems. There is, however, no subsequent mention in the record regarding the authorized evaluation or any ongoing problem.
Second, as of the time of the December 20 hearing, county counsel advised the court the foster mother had "not turned in a single document, including the application to adopt." He added a psychologist who was involved in the case found "a lot of inconsistencies" in the foster mother's statements. Consequently, county counsel requested an order for the foster mother and her fiance to undergo a psychological evaluation. However, at the March 1995 hearing, county counsel asked the court to rescind its December 1994 order for a psychological evaluation of the foster mother and her fiance. According to county counsel, such an evaluation was no longer needed. The prospective adoptive mother had since cooperated with the Department and a home study had commenced.
According to the mother, had she received the benefit of counsel at the March 1995 hearing, the attorney would have probed these issues. While that may well have occurred, it is not reasonably probable on this record that the court would have reached a different decision more favorable to the mother. In this regard, it is notable the court had wisely appointed counsel to represent Malcolm's interests in these proceedings. (See § 317, subd. (c).) Malcolm's attorney did not contest the proposed rescission of the court-ordered psychological evaluation nor did she challenge the department's recommended findings and orders. In the absence of any record to the contrary we assume counsel regularly performed her duty as counsel for the child (§ 317, subd. (e)).[7] Thus, had there been a serious question about her client's adoptability, she would have raised the issue. Accordingly, we say *Page 921 
with confidence it is not reasonably probable that the court would have issued orders more favorable to the mother had she been represented by counsel at the section 366.26 hearing in March 1995.
 Due Process (8) As previously noted, the mother also complains that the court's order relieving counsel violated her constitutional rights to counsel and due process. Each case in which a parent raises the due process right to representation must be evaluated on its own facts. (In re Ronald R., supra, 37 Cal.App.4th 1186,1196.) To resolve the issue, we look to see whether the presence of counsel would have made a "`determinative difference'" in the outcome of the proceeding. (In re Ronald R.,supra, 37 Cal.App.4th 1186, 1196, citing Lassiter v.Department of Social Services (1981) 452 U.S. 18, 33 [68 L.Ed.2d 640, 653-654, 101 S.Ct. 2153].)
The mother would have us determine counsel could have made a difference. However, it is not our task to speculate whether the presence of counsel could have made a determinative difference. Instead, it is the parent's burden on appeal to demonstrate that not only did the absence of counsel make a determinative difference, it also rendered the proceedings fundamentally unfair. (In re Ronald R., supra,37 Cal.App.4th at pp. 1196-1197). This the mother has not done. The sole issue before the juvenile court was Malcolm's adoptability.[8] On this record, the absence of counsel did not make a determinative difference nor did it render the proceedings fundamentally unfair.
 DISPOSITION
Judgment affirmed.
Thaxter, J., and Buckley, J., concurred.
[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.
[2] The mother further argues she was denied the right to be represented by the same attorney throughout these proceedings. She relies on section 317, subdivision (d) which states in relevant part: "The counsel appointed by the court shall represent the parent . . . at all subsequent proceedings before the juvenile court."
She concedes the court appointed the public defender's office to represent her, which in turn represented her until the section366.26 hearing. Nevertheless, she claims she was entitled to representation by the same person from that office throughout the case. She notes that six different attorneys from the public defender's office appeared on her behalf over the course of the case. In particular, she argues it would have made an appreciable difference had only one person been her counsel.
No authority to our knowledge shares the mother's interpretation of section 317, subdivision (d). And in any event, in light of the court's error in relieving counsel, we need not address this additional claim of error.
[3] Notably, the mother ignores the Ronald R. decision. Indeed, other than claim there was no showing of cause, she does not discuss the issue. Rather, she focuses her argument on the absence of a waiver of her right to counsel. (See infra.)
[4] Code of Civil Procedure section 284 expressly applies to special proceedings which include juvenile dependency matters. (Code Civ. Proc., §§ 22, 23; see In re Helen J. (1973) 31 Cal.App.3d 238,244 [107 Cal.Rptr. 106].)
[5] California Rules of Court, rule 376 provides:
"(a) A notice of motion to be relieved as counsel under Code of Civil Procedure section 284(2) shall be directed to the client and shall be worded in clear, simple and nontechnical terms.
"(b) A notice shall be accompanied by a declaration stating in general terms and without compromising the confidentiality of the attorney-client relationship why a motion under Code of Civil Procedure section 284(2) is brought instead of filing a consent under Code of Civil Procedure section 284(1).
"(c) The notice and declaration shall be served on the client and on all other parties who have appeared in the case. If the notice is served on the client by mail under Code of Civil Procedure section 1013, it shall be accompanied by a declaration stating either (1) facts showing that the service address is the current residence or business address of the client or (2) the service address is the last known residence or business address of the client and the attorney has checked with the county registrar of voters and has been unable to locate a more current address. If the service is by mail, Code of Civil Procedure section 1011(b) shall apply.
"(d) The order relieving counsel shall be served on the client and on all other parties in the manner specified in subdivision (c) for service of the notice. The order shall state the last known address and telephone number of the client which shall be the address and number of record for that party subject to Code of Civil Procedure section 1011(2). The order shall inform the client that failure to take appropriate action may result in serious legal consequences and the client might want to seek legal assistance. The order shall inform a corporate client that (1) it may participate in the action only through an attorney, (2) it retains all the obligations of a litigant, and (3) failure to appoint an attorney may lead to an order striking its pleadings or entry of its default."
[6] People v. Watson (1956) 46 Cal.2d 818, 836
[299 P.2d 243].
[7] Section 317, subdivision (e) provides: "The counsel for the minor shall be charged in general with the representation of the minor's interests. To that end, the counsel shall make or cause to have made any further investigations that he or she deems in good faith to be reasonably necessary to ascertain the facts, including the interviewing of witnesses, and he or she shall examine and cross-examine witnesses in both the adjudicatory and dispositional hearings. He or she may also introduce and examine his or her own witnesses, make recommendations to the court concerning the minor's welfare, and participate further in the proceedings to the degree necessary to adequately represent the minor. In any case in which the minor is four years of age or older, counsel shall interview the minor to determine the minor's wishes and to assess the minor's well-being. In addition, counsel shall investigate the interests of the minor beyond the scope of the juvenile proceeding and report to the court other interests of the minor that may need to be protected by the institution of other administrative or judicial proceedings. The court shall take whatever appropriate action is necessary to fully protect the interests of the minor."
[8] It is undisputed the mother failed to maintain regular visitation and contact with Malcolm and he would not benefit from continuing the relationship. (§ 366.26, subd. (c)(1)(A).) *Page 922