[No. G018907. Fourth Dist., Div. Three. June 18, 1996.]

SUZANNE J., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ORANGE COUNTY SOCIAL SERVICES AGENCY et al., Real Parties
in Interest.

**COUNSEL**

Ronald Y. Butler, Public Defender, Carl C. Holmes, Chief Deputy Public Defender, Marri B. Derby, Victoria A. Hill, Paul T. DeQuattro and Lee I. Blumen, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Laurence M. Watson, County Counsel, Margaret E. Eastman and Gene Axelrod, Deputy County Counsel, for Real Parties in Interest.

Harold LaFlamme and Craig E. Arthur, under appointments by the Court of Appeal, for Minors.

## OPINION

SILLS, P. J.—This petition concerns eight-year-old Allen, six-year-old Kyle, and four-year-old Amanda S., who were declared dependent minors of the juvenile court on August 30, 1994. At the contested 12-month review hearing on December 5-6, 1995, the court found reasonable reunification services had been provided, ordered them terminated, and scheduled a selection and implementation hearing pursuant to Welfare and Institutions Code section 366.26. The public defender, acting on behalf of Suzanne J., the mother, filed a petition for extraordinary writ relief which challenged the order setting the selection and implementation hearing and barring any visitation between Suzanne and the minors pending the hearing. (See Welf. & Inst. Code, § 366.26, subd. (*l*).)

The social services agency argues we must dismiss the petition because Suzanne did not sign it, and there is no evidence she consented to its filing or continues to assert parental rights to the minors.[1] (See *Guillermo G. v. Superior Court* (1995) 33 Cal.App.4th 1168, 1174 [39 Cal.Rptr.2d 748].) On its face, the record supports that assertion. Suzanne's trial attorney signed the notice of intent and listed Suzanne's address as "unknown." Her attorney then signed the petition and verification under penalty of perjury stating, without explanation, that Suzanne was "not available" to sign the verification. Furthermore, reunification services were in part terminated because Suzanne had not complied with her service plan and had, as the court noted, "been absent for months."

Under rule 39.1B(f) of the California Rules of Court, a person wishing to review an order setting a selection and implementation hearing under Welfare and Institutions Code section 366.26 must file a notice of intent within seven days of the date of the order setting the hearing. Like notices of

[1]The request for dismissal was made as part of the argument in the agency's brief. The proper method would have been to file a motion to dismiss the appeal. (See Cal. Rules of Court, rule 41.)

appeal, notices of intent are to be construed liberally in favor of their sufficiency. (See Cal. Rules of Court, rule 1(a).) And we will "assume counsel had the necessary authority" to sign the notice of intent on behalf of the client in the "absence of a satisfactory showing" the client did not authorize counsel to sign it. (*In re Malcolm D.* (1996) 42 Cal.App.4th 904, 910 [50 Cal.Rptr.2d 148].) However, where the record indicates the notice of intent was signed by the petitioner's attorney because the petitioner has disappeared (see *In re Alma B.* (1994) 21 Cal.App.4th 1037, 1043 [26 Cal.Rptr.2d 592]), the burden of proof to show consent was given must shift to the petitioner.

Although given several months to do so (she was first put on notice that consent was an issue in this case when the agency's brief was filed), Suzanne never executed a declaration indicating she consented to the trial attorney's signing and filing of the notice of intent. True, Suzanne's trial attorney submitted a declaration in which she asserts that "from the time we prepared" for the 12-month review hearing Suzanne talked about "her desire to appeal any unfavorable decision." But the mere desire to appeal an unfavorable decision "is simply too nebulous to demonstrate any real commitment to the assertion of parental rights in the face of actions to the contrary." (*Guillermo G.* v. *Superior Court, supra,* 33 Cal.App.4th at p. 1172.) In addition, Suzanne's trial attorney related how she had met with Suzanne a few days preceding the filing of the petition and told her that she had "to sign the writ or it could not be filed." Despite her attorney's clear warnings, Suzanne did not show up and the petition was filed with only the attorney's signature.[2]

We cannot emphasize strongly enough that the burden is on the *parent* in a juvenile dependency case to pursue his or her appellate rights. It is not the *attorney's* burden. The dependency scheme is designed to aid those parents who seriously want to maintain a healthy parental relationship with their children. It is not too much to ask those parents to make the effort necessary to show genuine interest in their children by conferring with their attorney and making themselves available to sign the necessary documents. More to the point: an attorney representing one of these parents does not have a duty to chase them down and prompt them into taking the elementary steps necessary to keep their claim of parental rights alive.

---

[2]Suzanne dropped by her attorney's office two days after the petition was filed (it was filed on the last day) and signed a verification (which was never filed). Her dilatoriness was not surprising. As the record shows, she often disappeared from her children's lives for substantial periods of time and would show up whenever it suited her; indeed, that is why they were declared dependents of the juvenile court. Moreover, she failed to provide any satisfactory explanation as to why, during the five weeks these documents were prepared and filed, she did not sign the notice of intent, the petition, or the verification.

The petition is dismissed.

Wallin, J., and Rylaarsdam, J., concurred.

Petitioner's application for review by the Supreme Court was denied September 4, 1996.