[No. B117438. Second Dist., Div. Five. Mar. 24, 1998.]

LISA S., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Real Party in Interest.

**COUNSEL**

Kimball & Linares and Leonard L. Linares for Petitioner.

No appearance for Respondent.

De Witt W. Clinton, County Counsel, Auxiliary Legal Services, Holly Bryan Powell and Emily P. Dentzer for Real Party in Interest.

**OPINION**

**TURNER, P. J.**—The mother, Lisa S., has filed a petition for writ of mandate pursuant to rule 39.1B of the California Rules of Court.[1] However, the mother did not sign the notice of intent to file a writ petition. The department of children and family services has filed a motion to dismiss the writ petition. We set the matter for oral argument to allow the parties to

---

[1] All future references to a rule are to the California Rules of Court.

address the issue. The parties waived oral argument and submitted on the written memoranda which addressed the dismissal motion. We find that no showing of good cause has been set forth as required by rule 39.1B(f) to permit the filing of a notice of intent to file a writ petition without the signature of the mother. Hence, we order dismissal of the petition.

■ The process pursuant to rule 39.1B to seek extraordinary relief from an order in accordance with Welfare and Institutions Code section 366.22[2] setting a permanency planning hearing pursuant to section 366.26 begins with the filing of a "notice of intent to file a writ petition . . . ." (Rule 39.1B(f).) The pertinent language in rule 39.1B(f) is as follows: "(f) [Notice of intent to file writ petition and request for record; service; jurisdiction] To permit determination of the writ petition prior to the scheduled date for the hearing under section 366.26 of the Welfare and Institutions Code on the selection of the permanent plan, a notice of intent to file a writ petition and request for record shall be filed with the clerk of the juvenile court within 7 days of the date of the order setting a hearing under section 366.26, or if the order was made by a referee not sitting as a judge pro tem, within 7 days after the order of the referee becomes final under rule 1417(c). The notice of intent to file a writ petition shall be signed by the party intending to file a writ petition, or if to be filed on behalf of the child, by the attorney of record for the child. Upon a finding of good cause, based on a declaration by the attorney of record, the appellate court may waive the requirement of the party's signature. The period for filing a notice of intent to file a writ petition and request for record shall be extended 5 days, if the party received notice of the order setting the hearing under section 366.26 of the Welfare and Institutions Code only by mail." In the present case, the notice of intent to file writ petition was not signed by the mother, only by her counsel. In response to the dismissal motion and in an effort to justify the failure of the mother to sign the notice, her counsel submitted a declaration with this court which states in pertinent part: "I have discussed the filing of the petition for extraordinary writ, the subject of the respondent's motion to dismiss, with my client on numerous occasions, and have filed the subject petition on her behalf and with her consent and authority."

We conclude the mother's counsel's declaration does not constitute a sufficient justification for her failure to comply with the legal requirement she execute the notice of intent. The Legislature has specifically delegated to the Judicial Council the obligation to develop rules which provide for prompt appellate review of orders pursuant to section 366.22. (§ 366.26, subd. (*l*)(3); *In re Shaundra L.* (1995) 33 Cal.App.4th 303, 308 [39 Cal.Rptr.2d 299].) Effective January 1, 1997, the Judicial Council amended

---

[2] All future statutory references are to the Welfare and Institutions Code.

rule 39.1B(f) to require that the party sign the notice of intent or make a showing of good cause for the failure to do so. The good cause must relate to the failure of the party to sign the notice of intent. In the present case, numerous discussions with a client and the authority on the part of the attorney to file the petition do not constitute good cause for the failure to comply with the relevant rule of law—the *notice of intent* must be signed by the parent.

Our colleagues in the Division Three of the Fourth Appellate District have addressed related issues that although not controlling are of particular pertinence. In the decision of *Suzanne J.* v. *Superior Court* (1996) 46 Cal.App.4th 785, 788 [54 Cal.Rptr.2d 25], a case involving the absence of evidence a parent authorized the filing of a rule 39.1B petition, our colleague Presiding Justice David Sills, noted: "We cannot emphasize strongly enough that the burden is on the *parent* in a juvenile dependency case to pursue his or her appellate rights. It is not the *attorney's* burden. The dependency scheme is designed to aid those parents who seriously want to maintain a healthy parental relationship with their children. It is not too much to ask those parents to make the effort necessary to show genuine interest in their children by conferring with their attorney and making themselves available to sign the necessary documents. More to the point: an attorney representing one of these parents does not have a duty to chase them down and prompt them into taking the elementary steps necessary to keep their claim of parental rights alive." (46 Cal.App.4th at p. 788, original italics.) Although Presiding Justice Sills's comments related to a different question, the authority of a lawyer to file a writ petition when the client cannot be located, his observations are relevant to the issue here; a parent has a duty to take the necessary steps to sign the notice of intent unless there is good cause not to do so. Good cause is not present in this case in terms of the failure to sign the notice of intent as required by rule 39.1B(f).

The petition is dismissed.

Grignon, J., and Godoy Perez, J., concurred.