Filed 12/3/24  H.P. v. J.A. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| H.P.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.A.,<br><br>    Defendant and Appellant. | 2d Civ. No. B327784<br>(Super. Ct. No. D396062)<br>(Ventura County) |

H.P. obtained a permanent domestic violence restraining order against J.A.  (Fam. Code,[1] § 6220), and J.A. appeals.  J.A. claims, among other things, that he was denied due process because 1) he was not served notice of the hearing on H.P.'s request for that restraining order, and 2) he was denied his right to a continuance when he appeared at the hearing.  On this incomplete record, he has not shown error.  We affirm.

---

[1] All statutory references are to the Family Code.

## FACTS

In 2019, H.P. obtained a three-year domestic violence restraining order against J.A. In 2022, H.P. filed a request to renew the restraining order. She alleged J.A. had been arrested twice for "felony stalking." The trial court set a hearing for January 18, 2023. J.A. was personally served with the request to renew the restraining order and the notice of the January 18th hearing by a sheriff's "authorized agent" on January 13, 2023.

On January 18, Commissioner Kawai presided. There is no reporter's transcript. The clerk's minutes show J.A.'s counsel appeared "via Zoom" and requested a continuance. The trial court granted that request and continued the hearing to February 8, 2023. The trial court thereafter ordered the hearing continued to February 10, 2023.

J.A. claimed neither he nor his counsel were served notice of the February 10th hearing date. But J.A.'s counsel checked "the docket" and learned the hearing date had been changed to February 10.

There is no reporter's transcript of the February 10th hearing. The clerk's minutes show that H.P. appeared. J.A. appeared with counsel. The trial court denied J.A.'s request for a continuance. H.P. and J.A. testified. The court granted H.P.'s request to "renew the restraining order" and made it a "permanent order."

J.A. appealed and requested a settled statement. His counsel's declaration contained a request for findings that the clerk's minute order for the January 18th hearing was not accurate because his counsel did not appear at that hearing and he did not request a continuance. J.A.'s counsel declared that he talked with the court clerk by phone on January 18 only to

2.

inform him that "[he] did not believe a proof of service was on file." The clerk agreed the case had to be continued for that reason. Counsel said he did not believe his phone call with the clerk constituted "an 'appearance' by [him]." Counsel claimed J.A. was entitled to one continuance as a matter of right and he made that request only at the February 10th hearing. Because the trial court denied a continuance, he was unprepared for the hearing. The court prevented him from calling witnesses, it excluded relevant evidence, and he did not consent to a commissioner.

After the appeal was filed, the trial court held a hearing and made an oral settled statement. The court found the clerk's minute order confirmed that J.A.'s counsel appeared at the January 18th hearing and requested a continuance. Counsel's request for a continuance at the February 10th hearing was his second request for a continuance and therefore he was not entitled to a continuance as a matter of right. (§ 245, subd. (a).)

Commissioner Kawai said he was *relying on the minute order of January 18th, 2023*." (Italics added.) In response to the commissioner's questions at the settled statement hearing, J.A.'s counsel said that the trial court did not prevent him from calling witnesses on February 10 and that he did not object to the case being tried by the commissioner. The commissioner found he excluded some of J.A.'s evidence at the restraining order hearing because it was not relevant.

## DISCUSSON

### The Record on Appeal

"A fundamental principle of appellate practice is that an appellant ' "must affirmatively show error by an adequate record. . . . Error is never presumed. . . . 'A judgment or order of

3.

the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .'"'" (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532.) J.A. did not request findings on the parties' testimony at the February 10th hearing in the settled statement. The record is incomplete. This court is unable to rule on the legal issues raised at that hearing where there is no reporter's transcript. We defer to the trial court's settled statement findings. (*Cross v. Tustin* (1951) 37 Cal. 2d 821, 826; *Null*, at p. 1532.)

*J.A.'s Counsel's Actions at the January 18th Hearing*

J.A. contends the trial court erred by finding that his counsel appeared at the January 18th hearing and requested a continuance of the restraining order hearing. He notes his counsel's declaration showed his lawyer did not make such an appearance and did not request a continuance at that hearing.

We must draw all reasonable inferences in support of the judgment. (*Barickman v. Mercury Casualty Co.* (2016) 2 Cal.App.5th 508, 516.) We do not weigh the evidence, resolve evidentiary conflicts, or decide witness credibility. (*Ibid*.) A trial court may find a witness's testimony was not credible even if it was "uncontradicted." (*Jennifer K. v. Shane K.* (2020) 47 Cal.App.5th 558, 579.)

Here the clerk's minute order shows J.A.'s counsel appeared at that hearing, requested a continuance, and the trial court granted it. J.A. claims the clerk was mistaken. But the clerk is an official court officer. There is a presumption that official duty has been regularly performed. (*People v. Martinez* (2000) 22 Cal.4th 106, 137.) Where a party disputes what occurred at a hearing, appellate courts rely on the presumption

4.

that the clerk's minute order is correct. (*Wutchumna Water Co. v. Superior Court* (1932) 215 Cal. 734, 737; *Kraemer v. Kraemer* (1959) 167 Cal.App.2d 291, 311.) The clerk's minutes "presumptively contain[] only accurate" information. (*Copley Press, Inc. v. Superior Court* (1992) 6 Cal.App.4th 106, 115.) This presumption constitutes "evidence" that "will support" a trial court's "finding." (*Smith v. Smith* (1958) 157 Cal.App.2d 658, 662.) Where there is no reporter's transcript, as here, the trial court may rely on the clerk's record on what occurred at prior proceedings. (*People v. Anzalone* (2013) 56 Cal.4th 545, 552, fn. 6; *Wutchumna Water Co.*, at p. 737; *Smith*, at p. 662.)

Moreover, Commissioner Kawai who tried this case also presided over the January 18th hearing. In the settled statement he found J.A.'s counsel appeared and made that continuance request. We presume that finding is correct. (*Cross v. Tustin*, *supra*, 37 Cal.2d at p. 826; *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; *In re Roberts* (1962) 200 Cal.App.2d 95, 97.)

J.A. relies on his counsel's declaration. But the trial court decides the declarant's credibility (*Jennifer K. v. Shane K.*, *supra*, 47 Cal.App.5th at p. 579; *People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1463-1465); and "when the litigant *fails to convince the trial judge that his proposed statement accurately reflects the proceedings* in question [as here], the action of the judge who heard and tried the *case must be regarded as final* since his familiarity with the trial and knowledge of what took place *make him specially qualified* to determine what the evidence and the proceedings were." (*Cross v. Tustin*, *supra*, 37 Cal.2d at p. 826, italics added.)

*Due Process*

The trial court ordered the hearing continued to February 10. J.A. contends neither he nor his counsel were served notice of that order. But they knew the hearing date was changed to February 10. J.A.'s counsel declared, "I did check the docket a few days after [January 18, 2023] and saw the new date of [February 10, 2023] . . . ." The lack of service of notice does not violate due process because J.A. had actual notice of the hearing date from his lawyer. (*In re Desiree M.* (2010) 181 Cal.App.4th 329, 335; *In re Phillip F.* (2000) 78 Cal.App.4th 250, 259; *In re Malcolm D.* (1996) 42 Cal.App.4th 904, 913.)

Moreover, J.A. and his counsel appeared at the February 10th hearing; H.P. and J.A. testified. In the settled statement, the trial court found that after it denied J.A.'s request for a continuance, the case proceeded to the merits. H.P. claimed J.A. was arrested twice for "felony stalking." The court found H.P. proved good cause to renew the restraining order. It renewed it "based off . . . the testimony" from H.P. and J.A. and over J.A.'s objection to that renewal. "[A] party waives all jurisdictional objections to a proceeding, including lack of notice, by opposing or resisting the proceeding on its merits." (*In re Gilberto M.* (1992) 6 Cal.App.4th 1194, 1200; *366-386 Geary St., L.P. v. Superior Court* (1990) 219 Cal.App.3d 1186, 1193; *Tate v. Superior Court* (1975) 45 Cal.App.3d 925, 930.)

The trial court complied with due process. (*Goldberg v. Kelly* (1970) 397 U.S. 254, 267 [25 L.Ed.2d 287, 299].) J.A. claims it was error to reach the merits because he was entitled to *one continuance* as a matter of right. (§ 245, subd. (a).) But the court found it was his *second request* for a continuance. (*Cross v. Tustin, supra*, 37 Cal.2d at p. 826.) He claims denial of a

6.

continuance left him with insufficient time to prepare.  But the court could find he had sufficient time to prepare *with counsel* for a short hearing against H.P. who represented herself.  His claim that he did not stipulate to a commissioner is without merit.  Commissioner Kawai asked, "[D]id you . . . object to my hearing the case?"  J.A.'s counsel: "No, Your Honor."

DISPOSITION

The order is affirmed.  Costs on appeal are awarded in favor of the respondent.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


BALTODANO, J.


CODY, J.

7.

R. Paul Kawai, Commissioner

Superior Court County of Ventura

_____

Law Offices of Michael D. Kwasigroch and Michael D. Kwasigroch for Defendant and Appellant.

Law Office of Gary Kurtz, Inc. and Gary Kurtz for Plaintiff and Respondent.