[No. B119794. Second Dist., Div. Four. Sept. 24, 1998.]

In re JULIAN L., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Plaintiff and Respondent, v.
KELLY A., Defendant and Appellant.

## COUNSEL

Mary Elizabeth Handy, under appointment by the Court of Appeal, for Defendant and Appellant.

De Witt W. Clinton, County Counsel, Auxiliary Legal Services, Kim Kedeshian and Jill Regal for Plaintiff and Respondent.

## OPINION

**EPSTEIN, Acting P. J.**—Kelly A. (mother) argues that the termination of her parental rights with respect to Julian L. (minor) is void because: (1) the court improperly relieved her counsel, (2) she was not notified of the hearing under Welfare and Institutions Code section 366.26,[1] (3) the court refused to grant a continuance to provide mother's newly appointed counsel a chance to speak with her, and (4) the court failed to consider minor's wishes. We agree and accordingly reverse the judgment.

### FACTUAL AND PROCEDURAL SUMMARY

This appeal concerns a minor who was born in July 1989 and was a dependent of the court in October 1995. Mother is a drug addict with a history in the dependency court and in the prison system. In September 1996, the court determined that reasonable reunification services had been provided and that returning minor to his parents would be detrimental. Mother did not challenge that finding.[2]

One year later, while incarcerated, mother waived her attendance at a permanency planning hearing set for October 10, 1997. The waiver statement was part of a notice that informed mother that her "presence is required in Department 426 of the Juvenile Dependency Court[,] Lancaster Court[,] of the County of Los Angeles on October 10, 1997, for the purposes of the termination of parental rights and the implementation of a plan for adoption." Mother signed below a line stating, "I waive my right to appear at this hearing."

At the October 10, 1997, hearing, the court did not determine a permanency plan. A couple (not minor's sister) had indicated a willingness to adopt, and the court identified adoption as the goal. At the October 10th

---

[1]All further statutory citations are to this code unless otherwise indicated.

[2]Martin L. (father) is not a party to this proceeding. We have previously considered his petition for writ of mandate.

hearing, mother's attorney, Nancy Kelso, requested to be relieved, and the court granted the request.[3] Ms. Kelso provided no reason to support her request. The hearing was then continued to February 6, 1998. The court stated that it would appoint new counsel for mother.

Over three months later, on January 29, 1998, Alan Chalfie was appointed as mother's counsel. At a hearing on February 6, Mr. Chalfie told the court that he had not had an opportunity to adequately review the file or to contact mother. He stated, "My problem is that I don't have direction from her, frankly. She might take a position, 'I want my son to go with his sister; don't interfere with that Mr. Chalfie.' I don't know what her position is, so I don't have direction on how to proceed, and I can't run this case without consulting her." His request for a continuance was denied. The court also determined that mother's waiver of attendance at the October 10, 1997, hearing applied to the February 6, 1998, hearing as well. There had been no specific waiver of appearance by mother for that February 6 hearing. Minor was found likely to be adopted by his adult sister who lives in New York. The court terminated parental rights. Mother filed a timely notice of appeal.

### DISCUSSION

██ "Significant safeguards have been built into the current dependency scheme. They include representation by counsel to assist parents at every stage of the proceedings (§ 317), notice of all hearings and rights . . . ." (*In re Marilyn H.* (1993) 5 Cal.4th 295, 307-308 [19 Cal.Rptr.2d 544, 851 P.2d 826].) ██ In this case, the juvenile court ignored these safeguards, effectively denying mother any opportunity to be heard during the section 366.26 hearing where her parental rights were terminated.

First, the court erred in relieving Ms. Kelso. An attorney may be relieved in a noticed hearing upon substitution of another attorney or for cause. (Code

---

[3]Respondent takes the position that the court did not relieve Ms. Kelso with respect to minor, Julian L. The following colloquy occurred:

"Ms. Kelso: Your Honor, may I be relieved?

"The Court: Ms. Kelso, you may be relieved. Yes.

"Ms. Kelso: Thank you. And a new attorney appointed?

"The Court: You represent the mother?

"Ms. Kelso: The mother.

"The Court: Do you want to be relieved? We have a 60-day period for appeal in this case. Do you want to be relieved, stayed, pending the 60-day period?

"Ms. Kelso: Yes, Your Honor. Thank you."

While the 60-day appeal referred to mother's other child, Stevie C., not Julian L., there was no suggestion that Ms. Kelso would be removed with respect only to Stevie C. Moreover, such an interpretation is contradicted by the fact the court appointed new counsel to represent mother in a hearing regarding Julian and by the fact that Ms. Kelso no longer appeared at any hearings regarding Julian.

Civ. Proc., § 284; Welf. & Inst. Code, § 317; *In re Andrew S.* (1994) 27 Cal.App.4th 541, 547 [32 Cal.Rptr.2d 670].) None of these conditions were met.

Next, the court improperly concluded that mother had waived her appearance for the February 6, 1998, hearing and that no further notice was required. Mother waived her right to appear at a hearing scheduled October 10, 1997. The waiver was specific, and covered no other hearing. Section 366.23 requires that a parent receive notice "[w]henever a juvenile court schedules a hearing pursuant to Section 366.26. . . ." There is an exception if a parent is present when the hearing is continued. (*In re Malcolm D.* (1996) 42 Cal.App.4th 904, 913 [50 Cal.Rptr.2d 148].) Presence at the proceeding assures that the parent is aware of the date of the next hearing, forestalling a claim of lack of notice. (See *ibid.*) On the other hand, a parent who is absent from a hearing will not be informed of the date of the next hearing unless notice is provided. Mother should have received notice of the continued hearing.

The error in failing to notify mother of the hearing was exacerbated by the court's inexplicable failure to make a timely appointment of substitute counsel. After relieving Ms. Kelso, the court waited over three months to appoint new counsel for mother. Nor does the record elucidate why the court refused to grant a continuance when new counsel, who had been assigned to the case for only one week, informed the court that he had not yet had an opportunity to ascertain mother's wishes. Section 352, subdivision (a) allows the court to entertain an oral motion for a continuance when good cause is shown. (*In re Michael R.* (1992) 5 Cal.App.4th 687, 694 [7 Cal.Rptr.2d 139].) The circumstances of this case warranted a brief continuance. Indeed, they compelled it. A reasonable continuance would have afforded counsel an opportunity to ascertain mother's wishes and to effectively represent her. Although at the permanency planning stage, the focus is on the minor's right to stability and permanency (*In re Marilyn H., supra,* 5 Cal.4th at p. 309), granting a short continuance would not have negatively affected minor's interest in stability.

Finally, the court's compliance with the requirement that it consider the wishes of the minor at a termination proceeding (§ 366.26, subd. (h)) was marginal at best. ■ "What the court must strive to do is 'to explore the minor's feelings regarding his/her biological parents, foster parents, and prospective adoptive parents, if any, as well as his/her current living arrangements. . . . [A]n attempt should be made to obtain this information so that the court will have before it some evidence of the minor's feelings from which it can then infer his/her wishes regarding the issue confronting the court.'" (*In re Amanda D.* (1997) 55 Cal.App.4th 813, 820 [64 Cal.Rptr.2d

108], quoting *In re Leo M.* (1993) 19 Cal.App.4th 1583, 1592 [24 Cal.Rptr.2d 253]; but see *In re Diana G.* (1992) 10 Cal.App.4th 1468, 1480 [13 Cal.Rptr.2d 645] [minor's statement must show that minor understands proceeding involves the termination of parental rights].) Considering the child's wishes is sensible because, "[i]t is, after all, their futures, we decide, their destinies we begin and their entire lives we affect." (*In re Leo M., supra,* 19 Cal.App.4th at p. 1593.)

■ Here, the record includes a statement that minor wishes to live with his sister and a second statement that minor is looking forward to living with his sister in New York. Evidence of minor's feelings towards his biological parents and of his thoughts concerning his living situation is absent from the record. Further information on these issues should be considered on remand.

It is possible that if properly notified, mother would have waived her appearance at the February 6 hearing. It is also possible that she would have consented to the adoption. Even if mother had opposed the adoption, the court, nevertheless, may have concluded adoption was in minor's best interest. Or, mother may have opposed that disposition and presented evidence and a rationale why it should not be made. In any event, she was denied her right to a fair hearing. (See *In re Anna M.* (1997) 54 Cal.App.4th 463, 469 [62 Cal.Rptr.2d 831] ["Prejudice occasioned by lack of notice, coupled with lack of advocacy, virtually leaps from the record."].) Mother's lack of notice and counsel's lack of an adequate opportunity to ascertain his client's wishes, and hence to act on her behalf, rendered the February 6 hearing anything but fair. This is, unfortunately, a case in which the court itself was the author of the resulting unfairness, and of the necessity for further proceedings.

### DISPOSITION

The judgment is reversed. The matter is remanded for further proceedings consistent with this opinion.

Hastings, J., and Cooper, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.