92 Cal.Rptr.2d 693 (2000)
78 Cal.App.4th 250
In re PHILLIP F. et al., Persons Coming Under the Juvenile Court Law.
Kern County Department of Human Services, Plaintiff and Respondent,
v.
Anna S., Defendant and Appellant.
No. F033413.
Court of Appeal, Fifth District.
February 15, 2000.
Review Denied May 10, 2000.
*694 Kathleen Murphy Mallinger, under appointment by the Court of Appeal, for Defendant and Appellant.
B.C. Barmann, Sr., County Counsel, and Susan M. Gill, Deputy County Counsel, for Plaintiff and Respondent.
Certified for Partial Publication[*]

*695 OPINION
THAXTER, Acting P.J.
Anna S. appeals from the order terminating her parental rights to her sons Phillip F. (born Jan. 5, 1992) and George F. (born Jan. 19, 1993).[1] (Welf. & Inst.Code,[2] § 366.26.) The novel issue presented is whether a parent who is represented by counsel and fails to appear at the properly noticed section 366.26 hearing must be renoticed of the continued hearing date pursuant to section 366.23. We will hold that under the circumstances of this case, renotice need not comply with section 366.23 as long as it satisfies due process. Because the trial court's finding that notice was given to appellant is supported by reasonable inferences from the record, due process was satisfied and reversal is not required.

FACTS AND PROCEDURAL HISTORY
Phillip had been under the supervision of the juvenile court of four California counties since January 17, 1992, when he was 12 days of age. In February 1992, the Contra Costa County juvenile court sustained a section 300, subdivisions (b) and (g) petition finding he was at significant risk due to appellant's substance abuse, his four siblings had been adjudged dependents of the court due to appellant's substance abuse, and appellant had failed to reunify with them. The court placed Phillip in foster care and ordered reunification services for appellant.
For the next 18 months, appellant regularly visited Phillip but did not consistently submit to drug testing. However, on October 18, 1993, the court returned Phillip to her custody and ordered family maintenance services. Appellant minimally complied with the court-ordered family maintenance plan, but continued to use drugs. In March 1994, she moved from her sister's "adequate" home in Contra Costa County to her brother's "marginal" home in Solano County. Phillip's case was transferred to Solano County.
In August 1994, the Solano County juvenile court ordered appellant to obtain counseling to address her substance abuse and parenting skills, and to submit to random drug testing. For the next two years, appellant made some progress in addressing her problems but did not comply consistently with the family maintenance plan, or drug test, or receive substance abuse treatment. Appellant did not appear at the 24-month review hearing in October 1996, and the court ordered issuance of a citation directing her to appear on November 21, 1996. Efforts to serve the citation failed. Appellant did not personally appear in the Solano County juvenile court again until May 29, 1997, although several interim hearings were scheduled.
In February 1997, the Solano County Health and Social Services Department filed a supplemental petition (§ 387) alleging that appellant had not complied with her service plan for the previous six months and had a history of noncompliance or minimal compliance. The court found the allegations true, ordered six months of family maintenance services, and transferred the case to Alameda County where appellant, Phillip, and appellant's younger son, George, were then living with appellant's terminally ill brother-in-law and his family.
In July 1997, the Alameda County juvenile court ordered appellant to refrain from the use of drugs and alcohol, to submit to random drug testing, and to advise the Alameda County Health and Social Services Agency (Agency) of any change of *696 address within 48 hours. Appellant did not comply with the orders. In January 1998, the Agency could not locate her and learned that Phillip was attending school in Kern County. The court issued a bench warrant for Phillip and, in March 1998, he was taken into protective custody and placed in foster care. Two days later, the Agency filed a supplemental petition alleging that appellant had not complied with her case plan, had moved to Bakersfield without notifying the Agency, and had a history of noncompliance. On March 23, 1998, the court returned Phillip to appellant's custody and transferred the matter to Kern County.
Kern County social workers made an unannounced initial visit to appellant's residence on May 21, 1998. Appellant was sleeping and Phillip answered the door. Phillip and George were dirty, and there was little food in the house and no working stove. Appellant was unable to produce a urine sample for drug testing and refused the offer of a food basket. She said she would purchase food that day with the food stamps she had. The social worker telephoned the next day and told appellant to begin drinking water so she could provide a sample for testing. However, when the social worker came to the house, appellant was unable to produce a sample and reported she had not yet been to the market to buy food.
On subsequent visits, the social worker found virtually no food in the house and, on one occasion, the only electricity was supplied by way of an extension cord from a neighbor's residence to the refrigerator and television. On June 12, 1998, appellant told the social worker she had been unable to buy food because her eligibility worker had stopped her food stamps. She planned to turn in some aluminum cans to get money for food. She provided a urine sample to the eligibility worker in order to have her food stamps and cash benefits reinstated. The test was strongly positive for cocaine. On June 30, appellant was unable to provide a sample for drug testing and admitted she had been drinking alcohol that day. Appellant was "extremely" agitated and impatient with Phillip and George while the social workers were present. She agreed to come to the Kern County Department of Human Services (Department) the next day to drug test but failed to do so.
On July 10, 1998, the Department filed a supplemental petition (§ 387) for Phillip and an original petition (§ 300, subd. (b), (j)) for George, who was then five years old. The supplemental petition alleged that previous dispositions had not been effective in protecting Phillip in that appellant's June 12 drug test indicated a "very strong" presence of cocaine, appellant had refused to drug test on other occasions, and she had a lengthy history of failing to comply with her family maintenance plan in Contra Costa, Solano and Alameda Counties. The section 300 petition alleged that appellant's substance abuse impaired her ability to provide care for George; George's siblings had been adjudged dependent children due to appellant's substance abuse and she had failed to reunify with them.
Phillip and George were detained and placed in foster care. Appellant was allowed weekly visits provided she was not under the influence of alcohol or drugs. On July 13, 1998, after the detention hearing, appellant asked when she could visit the children. The social worker told her she could visit after she submitted to a drug test. Appellant refused and made no further requests for visitation. Subsequently, the court found the allegations of both petitions to be true and on August 31, 1998, removed the children from appellant's custody, denied reunification services under section 361.5, subdivision (b)(10)(A) and (12) and set the matter for a permanent plan hearing on December 29, 1998.
On December 29, the court continued the permanent plan hearing to March 16, 1999, to enable the Department to notify the children's father of the proceedings by *697 publication. Appellant did not appear, but her counsel was present when the court continued the hearing. Appellant's counsel, but not appellant, was present for the continued hearing on March 16 when the matter was set for a contested hearing on April 2,1999.
According to the social study/adoption assessment, which was received in evidence at the April 2d hearing, appellant had no contact with the children after July 8, 1998, when they were taken from her custody. Since August 7, 1998, Phillip and George had been placed with a recently married couple, who had four children from the wife's first marriage also living in the home. Phillip and George were developing an attachment to these caretakers, who wished to adopt them. Both children were suitable for adoption but, if the current caretakers were unable to adopt them, it would be difficult to find another adoptive placement due to their ages (seven and six in Jan. 1999), ethnicity (Hispanic/African-American), and membership in a sibling group.
Appellant did not appear at the April 2 section 366.26 hearing, but her counsel was present. Counsel did not object to the adoption assessment in any regard, cross-examine the preparer, or call any witnesses. However, she asked the court to appoint counsel for the children based on statements in the assessment that the children did not have a bond with appellant and that they were suitable for adoption. The court denied the request, noting that the children's best interest was obvious in light of their apparent abandonment by appellant. The children's only hope of a stable home was with a caretaker other than appellant. The court found that both children were likely to be adopted, ordered appellant's rights terminated, and selected adoption as the permanent plan.
On June 1,1999, appellant's counsel filed a petition to modify that order on the ground she had just learned that appellant had been unable to attend the April 2 hearing because she was in the hospital. The court denied the petition without prejudice because it was not accompanied by supporting documents.
On appeal, appellant contends the order terminating her parental rights and freeing the children for adoption must be reversed because: (1) she was not properly notified of the continued section 366.26 hearing, and (2) the court did not appoint counsel for the children or otherwise ascertain their wishes pursuant to section 366.26, subdivision (h).

DISCUSSION

1. Failure to give new notice of the continued section 366.26 hearing pursuant to section 366.23 does not require reversal.
The Department personally served appellant with notice of the December 29, 1998, section 366.26 hearing in compliance with section 366.23. On November 3, 1998, while that hearing was pending, appellant's counsel filed a section 388 petition seeking to have the case transferred to Contra Costa County on the ground appellant had moved to Walnut Creek in October. The court denied the request.
On December 29, appellant did not appear for the section 366.26 hearing. Her counsel told the court appellant had moved to Walnut Creek but counsel did not know if the move explained appellant's absence. Counsel relayed appellant's request for a substitution of counsel. Counsel surmised that another attorney might have more success working with appellant. The court refused the request but told counsel to notify appellant in writing that if she contacted the court or appeared, the court would consider her request for new counsel. The court added, "I assume [counsel], will do that, when she writes her client a letter giving her the new date." The court then continued the hearing to March 16, 1999, to enable the Department to notify the children's father of the proceedings by publication.
*698 The Department mailed written notice of the continued hearing date to appellant at her former Kern County address. Appellant's counsel, but not appellant, was present for the continued hearing on March 16, 1999. The court found that proper notice had been provided and asked counsel how appellant wished to proceed. Counsel asked that the matter be set for a contested hearing. The court set the matter for April 2, 1999. Appellant did not appear at the April 2 hearing, but her counsel was present. The court found that appellant had been provided proper notice of the section 366.26 hearing, and made the challenged orders.
Appellant contends the court erroneously found she had notice of the continued hearing. She argues, the record shows she was not present when the court continued the hearing on December 29; the mailed notice of the continued hearing was sent to her former Kern County address, rather than her new Walnut Creek address, which she had reported to the court via her petition to have the matter transferred; and, although the court assumed her counsel would advise her of the continued hearing date, the record does not establish that she was actually notified of the continued section 366.26 hearing. County counsel responds that notwithstanding section 366.23's provision that its specified notice is required "whenever the juvenile court schedules a hearing pursuant to Section 366.26," the rule applicable in civil actions should apply in appellant's situation.
As a general rule, in civil actions, when proper notice has been provided in the first instance and a party fails to appear, the court may continue the trial without requiring further notice to the absent party. The properly noticed party has a duty to exercise diligence to inform himself or herself of subsequent continuances of the trial. (Capital National Bank v. Smith (1944) 62 Cal.App.2d 328, 337-338, 144 P.2d 665; 7 Witkin, Cal. Procedure (4th ed. 1997) Trial, § 87, p. 106.) Further, the mandatory notice statute's time and method provisions (Code Civ. Proc, § 594) apply only to the initial trial date; they do not apply to a continued trial date. (People ex rel. San Francisco Bay Conservation etc. Com. v. Smith (1994) 26 Cal.App.4th 113, 127, 129, 31 Cal.Rptr.2d 488; Parker v. Dingman (1975) 48 Cal.App.3d 1011, 1016, 122 Cal. Rptr. 309; City of San Diego v. Walton (1947) 80 Cal.App.2d 206, 213, 181 P.2d 424.) However, resumption of a continued matter without some proof that the absent party has been notified is an abuse of discretion. (Parker v. Dingman, supra, at p. 1018, 122 Cal.Rptr. 309.) And due process requires that the manner and content of the renotice provide some reasonable assurance that the party is informed of the continued trial date within a reasonable period prior to resumption of trial. (Ibid.)
Section 366.23, subdivision (a) sets forth detailed requirements for service of process on parents "whenever" the court schedules a section 366.26 hearing. However, this court held in In re Malcolm D. (1996) 42 Cal.App.4th 904, 50 Cal.Rptr.2d 148 that section 366.23 did not require that the parent be renoticed pursuant to its provisions when he or she had received proper notice of the section 366.26 hearing, and the hearing was continued in court with the parent present. (Malcolm D., supra, 42 Cal.App.4th at p. 913, 50 Cal. Rptr.2d 148.) Malcolm D. implicitly utilized two general rules applicable to civil litigation: (1) the mandatory notice statute provisions do not apply to a properly noticed but continued proceeding; and (2) the parent's actual notice of the continued matter is sufficient and satisfies due process. (See, e.g., People ex rel. San Francisco Bay Conservation etc. Com. v. Smith, supra, 26 Cal.App.4th at p. 129, 31 Cal. Rptr.2d 488 [defendant's presence at settlement conference gave him actual notice that matter was continued; he then had duty to stay informed of all further continuances; plaintiff did not have to give renewed *699 formal notice after matter was continued].)
A subsequent case, In re Julian L. (1998) 67 Cal.App.4th 204, 78 Cal.Rptr.2d 839, is instructive. There, the incarcerated mother waived her right to be present at a section 366.26 hearing set in October 1997. At the October hearing, the mother's attorney requested to be relieved. The court granted the request and continued the hearing to February 1998. At the February hearing, the court concluded that the mother's waiver of attendance at the October hearing applied to the February hearing as well. (In re Julian L., supra, at pp. 206-207, 78 Cal.Rptr.2d 839.) The appellate court disagreed:
"Section 366.23 requires that a parent receive notice `[w]henever a juvenile court schedules a hearing pursuant to Section 366.26....' There is an exception if a parent is present when the hearing is continued. [Citing In re Malcolm D., supra, 42 Cal.App.4th at p. 913, 50 Cal. Rptr.2d 148.] Presence at the proceeding assures that the parent is aware of the date of the next hearing, forestalling a claim of lack of notice. (See ibid.) On the other hand, a parent who is absent from a hearing will not be informed of the date of the next hearing unless notice is provided. Mother should have received notice of the continued hearing." (In re Julian L., supra, 67 Cal. App.4th at p. 208, 78 Cal.Rptr.2d 839.)
Based on these authorities, a parent who fails to appear at a properly noticed section 366.26 hearing must be notified of the continued hearing. In this case, the Department recognized the need for notification because it mailed notice of the continued section 366.26 hearing to appellant, albeit at her former Kern County address.
The statutory notice requirements are intended to protect parties against trials, dismissals and judgments in their excusable neglect. (7 Witkin, supra, § 86, p. 106.) The Legislature has determined that parents facing termination of their parental rights pursuant to section 366.26 should be served with process that clearly advises them of the time, place and nature of the proceedings in ample time to prepare for the hearing. (§ 366.23.) When, on the date of the noticed hearing, the hearing is simply continued, however, there is no reason to require the parent to be served anew pursuant to section 366.23 merely to provide notice of the continued date.
Renotice pursuant to section 366.23 is not necessary to satisfy due process. Due process merely requires that the parent receive notice "`"reasonably calculated, under all the circumstances, to apprise interested parties of the [continued] pendency of the action and afford them an opportunity to present their objections."'" (In re Anna M. (1997) 54 Cal.App.4th 463, 468, 62 Cal.Rptr.2d 831.) Moreover, making section 366.23's lengthy notice requirements applicable to every continued section 366.26 hearing would conflict with the statutory scheme's mandate to resolve dependency issues as quickly and efficiently as possible, while complying with due process. (In re Marilyn H. (1993) 5 Cal.4th 295, 302-304, 19 Cal.Rptr.2d 544, 851 P.2d 826; Cynthia D. v. Superior Court (1993) 5 Cal.4th 242, 247, 19 Cal.Rptr.2d 698, 851 P.2d 1307.) In addition, when a parent receives proper notice of a section 366.26 hearing and chooses not to come to court to learn the outcome of that hearing, duplication of the more demanding and time-consuming service requirements of section 366.23, where the permanent plan recommendation is not changed, would do nothing to enhance the likelihood the parent would appear at the continued hearing.[3]
*700 Accordingly, we hold that actual notice of the continued hearing date will suffice. Such notice may be given on the applicable Judicial Council form (Cal. Rules of Court, rule 1463(b)) by first-class mail to the parent (as was attempted in this case), by written notice from the parent's attorney, or by oral notice of the new date on the record in court as was provided in In re Malcolm D., supra, 42 Cal. App.4th at page 913, 50 Cal.Rptr.2d 148.
Here the juvenile court found that proper notice had been provided to appellant. While there is no direct evidence of such notice, the court could have inferred that appellant had actual notice of the continued hearing because her appointed counsel had notified her of the continued hearing dates in conformance with counsel's statutory obligation to provide competent representation. (§ 317.5, subd. (a).) The inference is reasonable in light of four circumstances:
 the court's stated assumption at the December hearing that counsel would notify appellant in writing of the continued hearing date;
 counsel's response at the continued March hearing:
"The Court: ... [H]ow does your client wish to proceed in this matter?
"[Counsel]: Set it for contested hearing, your Honor."
 counsel's silence in response to the court's finding at the April 2 hearing that proper notice had been provided to appellant; and
 appellant's request for modification of the court's orders on the ground she was unable to attend, not that she was unaware of, the continued hearing.
Depending on the circumstances of a particular case, the mere failure of a parent to attend a continued section 366.26 hearing might support a reasonable inference that he or she did not know of its date, time, or place. The circumstances here do not lead to that inference.
Appellant had a long history of not appearing at court hearings affecting her parental rights and the welfare of her children, even though she had been properly notified. She was not present at review hearings regarding Phillip on August 6, 1992, and April 15, 1993. After the case was transferred to Solano County she did not appear at a 24-month review hearing on October 24, 1996, nor at the continued hearing on November 21, 1996. In February 1997, a social worker executed a declaration stating that on December 12, 1996, she discussed with appellant her nonappearance at court hearings, and appellant "gave me the impression that she was not going to court."
Appellant did appear at the Kern County detention hearing on July 13 and at the jurisdictional hearing on August 14, 1998. At the latter hearing the court set a disposition hearing for August 31, 1998. On that date appellant's counsel told the court that she had spoken with appellant the day before and that appellant knew about the hearing, but "I really don't know why she's not here. It was my understanding that she would be here." Appellant was then given notice under section 366.23 of the December 29, 1998, section 366.26 hearing, at which she again failed to appear.
Appellant does not contend that she lacked actual notice of the continued section 366.26 hearing or that whatever notice was provided failed to satisfy due process. (Compare In re Julian L., supra, 67 Cal.App.4th at pp. 208-209, 78 Cal.Rptr.2d 839 [mother's lack of notice coupled with recently appointed counsel's inability to contact her prior to hearing rendered proceeding unfair].) Rather, appellant contends she was entitled to renotice of the continued section 366.26 hearing pursuant to section 366.23. She does not *701 suggest that strict compliance with section 366.23 would have secured her presence at the continued hearing, however. Thus, on the facts of this case, appellant has not shown any miscarriage of justice resulting from the notice she received of the continued hearing. (Cal. Const., art. VI, § 13; cf. In re Melinda J. (1991) 234 Cal.App.3d 1413, 1419, 286 Cal.Rptr. 239.)

2.-3.[**]

DISPOSITION
Appellant's motion to strike is denied. The judgment is affirmed.
HARRIS, J., and LEVY, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 2 and 3 of Discussion.
[1] The parental rights of the boys' father, Gary F., were also terminated, but he does not appeal.
[2] Except as otherwise indicated, subsequent statutory references are to the Welfare and Institutions Code.
[3] This case shows how strict application of section 366.23 to every continuance of a section 366.26 hearing could unduly drag out the proceedings. Because the whereabouts of the alleged father were unknown, the Department gave him notice of the March 16, 1999, hearing by publication pursuant to section 366.23, subdivision (b)(5). On March 16 neither parent appeared personally but appellant's attorney requested a contested hearing, requiring the court to continue the matter to April 2. If appellant's argument is correct, the Department should then have republished notice to the father, delaying the hearing for at least four more weeks.
[**] See footnote *, ante.