Filed 6/10/21  In re A.G. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re A.G., a Person Coming Under the Juvenile Court Law. | |
| SONOMA COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>M.D.,<br><br>        Defendant and Appellant. | A161105<br><br>(Sonoma County<br>Super. Ct. No. DEP-5841-01) |

M.D. (Mother) appeals from the juvenile court's order terminating her parental rights and freeing A.G. (minor) for adoption.  (Welf. & Inst. Code,[1] § 366.26.)  Mother contends she did not receive legally sufficient notice of the August 12, 2020 hearing that resulted in the termination of her parental rights.  She further contends her parental rights were terminated without due process, and the juvenile court abused its discretion in refusing to continue the hearing.  We affirm the order.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

# I. BACKGROUND

## A. *The Petition and Reunification Efforts*

The Sonoma County Department of Human Services (Department) filed a petition under section 300, subdivision (b)(1), alleging Mother has chronic substance abuse issues and is unable to safely care for minor. The petition further alleged minor's father (father) has a history of substance abuse, facilitated Mother's use of drugs during her pregnancy, and failed to take action to protect minor. The court subsequently detained minor.

Prior to the jurisdiction hearing, the Department recommended providing reunification services to Mother but bypassing services to father. The Department's report noted father has an extensive history of substance abuse, has not complied with testing despite drug treatment being a condition of his parole, and is in denial that he has addiction issues. Father subsequently waived reunification, and the court adopted the Department's recommendation.

During the approximate 18-month reunification period, Mother made progress in obtaining housing, regaining sobriety, and attending individual therapy. However, Mother consistently struggled to create and maintain healthy boundaries with father. The Department attempted two separate trial home visits (THV's) for minor in Mother's home. During the first THV, Mother appeared attentive to minor and reported she was not having contact with father. However, Mother subsequently disclosed she was having contact with father, she observed father using drugs, and she had taken minor to visits with father while he was in custody. The Department subsequently terminated THV's.

The Department recommended another THV at the 12-month review hearing because Mother appeared to be invested in her therapy to help

disengage from father and visits with minor were going well. However, the Department again terminated THV's with Mother after she had allowed father into her home, observed him using drugs, and was unable to maintain appropriate boundaries for minor's safety. The Department's 18-month review report explained Mother maintained telephonic contact with father while he was in prison, did not inform the Department of her ongoing contact with father, allowed him into her home after he was released from prison, and denied law enforcement entry to investigate an injury on minor because of father's presence in her home. The report noted Mother displayed behavior changes, communication challenges, and shifts in her capacity to safely parent minor when residing with father, which resulted in a termination of care letter from minor's day care due to unpredictable patterns of attendance and other issues.

Despite informing the Department she had a "wake up" call, Mother continued to visit father in prison under fake names, maintained telephone communication with him, and, after his release, allowed him access to her home and vehicle.

Mother was not present at the 18-month review hearing because she allegedly had a flat tire. Mother instructed her counsel to proceed in her absence, despite the court's willingness to wait two hours, and she withdrew her contest of the termination of reunification services.

## B. Section 366.26 Hearing

In advance of the section 366.26 hearing, the Department submitted a report recommending the court terminate parental rights and order a plan of adoption for minor. Minor had been residing with the maternal grandparents for the majority of her life, and they were committed to adopting her. The Department noted minor had a close relationship with both grandparents,

appeared happy and content, and sought them out for care and comfort. The Department concluded minor was likely to be adopted and deserved a permanent and stable home.

The initial hearing date on May 14, 2020 was continued to allow for a contested hearing. At the continued, July 6, 2020 hearing date, all parties, including Mother and her counsel, appeared via Zoom. Mother's counsel requested a continuance because Mother was allegedly distraught regarding a recent vehicle accident. The court found good cause for the continuance, despite objections from the Department's and minor's counsel, and ordered Mother to provide medical and discharge records and police reports regarding the accident to minor's counsel or the Department. The court thus continued the matter to August 12, 2020 at 1:30 p.m. Shortly thereafter, the court mailed notices changing the hearing time to 2:30 p.m.

Mother did not appear for the August 12, 2020 hearing. When the court inquired about Mother's presence, her counsel responded, "Your Honor, I'm having some technical . . . difficulties. I've sent her the Zoom link a couple of times and actually sent it for the third time. She's trying to log in if I could just have a moment to figure out what the problem is." The court responded, "Sure," and went off the record.

When the court went back on the record, it noted efforts to reach Mother had been unsuccessful. Specifically, it noted, "Mother supposedly has been trying to call in. We have not received a call. We had two numbers to call for mother. Neither of those numbers worked. First one didn't work at all. The second one went straight to voicemail." Mother's counsel also was "unable to connect the mother." The court further noted Mother had not provided any documentation of her alleged accident to either the Department or counsel, despite multiple requests that she do so. The court thus indicated

4

it would proceed with the hearing over Mother's counsel's objection.  The court denied her counsel's motion to continue and, at the conclusion of the hearing, terminated parental rights.  Mother timely appealed.

## II.  DISCUSSION

### A.  *Notice*

Mother contends the order terminating parental rights must be reversed because she was not provided actual notice of the continued section 366.26 hearing at which the order was entered.  This claim is waived because it was not raised below.  Moreover, we conclude Mother received actual notice of the continued hearing.

#### 1.  *Waiver*

"A 'reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court.  [Citation.]  The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected.  [Citation.] [¶] Dependency matters are not exempt from this rule.' [Citation.]  The appellate court has discretion to excuse forfeiture, but it should be exercised rarely and with special care.  [Citation.]  Because juvenile dependency proceedings 'involve the well-being of children, considerations such as permanency and stability are of paramount importance.  (§ 366.26.)' " (*In re X.V.* (2005) 132 Cal.App.4th 794, 804, fn. omitted; see also *In re Wilford J.* (2005) 131 Cal.App.4th 742, 754 ["[W]hen a parent had the opportunity to present [a defect in notice] to the juvenile court and failed to do so, appellate courts routinely refuse to exercise their limited discretion to consider the matter on appeal.  This is precisely because defective notice and the consequences flowing from it may easily be corrected if promptly raised in the juvenile court."].)

5

Here, Mother failed to appear at the continued section 366.26 hearing on August 12, although her attorney was present. When both the court and Mother's counsel failed to reach her via telephone, the court asked Mother's counsel, "Did you want to object for the record and ask for a continuance, Ms. Johnson?" Mother's counsel responded affirmatively, stating, "I can't get ahold of her, and . . . I don't know what else to do. So I am objecting to the court proceeding. I can't really do a whole lot without her here." While her counsel objected to the hearing proceeding without Mother present, no objection was raised as to the adequacy of the notice. Nor did Mother's counsel indicate Mother was unaware of the proper date and time of the hearing or how to attend. To the contrary, Mother's counsel informed the court she had provided Mother with the Zoom information three separate times, and Mother was attempting to appear but was having technical issues. Accordingly, Mother waived any claim of defective notice. (See, e.g., *Marlene M. v. Superior Court* (2000) 80 Cal.App.4th 1139, 1149 [mother waived lack of notice argument by failing to object in juvenile court]; *In re Gilberto M.* (1992) 6 Cal.App.4th 1194, 1198 [the father, claiming lack of notice of dependency proceedings, waived issue on appeal when he failed to make that objection at the § 366.21 hearing].) In any event, even if Mother had not waived her claim of defective notice, we conclude she had actual notice of the hearing as discussed below.

### 2. *Sufficiency of Notice*

Mother argues she did not receive adequate notice because the hearing notices did not provide information on virtual access and were mailed to an outdated address. We disagree.

Parents are entitled to statutory notice when the juvenile court initially schedules a section 366.26 hearing. (§ 294.) If the hearing is continued,

6

however, there is no requirement to provide the parent with the identical statutory notice. (*In re Phillip F.* (2000) 78 Cal.App.4th 250, 258 (*Phillip F.*).) Renotice of a continued hearing must be " ' " 'reasonably calculated, under all the circumstances, to apprise interested parties of the [continued] pendency of the action and afford them an opportunity to present their objections.' " ' " (*Ibid.*) Thus, interested parties need only receive actual notice of the continued hearing date, which may be shown when they are notified by first class mail, written notice from counsel, or oral notice in court. (*Id.* at p. 259.)

Mother does not challenge the validity of the notice given with respect to the initial section 366.26 hearing set for May 14, 2020. Nor does she challenge the validity of the notice given as to the contested section 366.26 hearing set for July 6, 2020. Nor does she challenge the validity of the notice as to the date of the continued section 366.26 hearing on August 12, 2020. However, she contends no meaningful notice was provided as to the time of the hearing and how the parties would virtually appear before the court.

The record before this court does not contain any information regarding how the court transmitted Zoom information to the parties and their counsel for hearings operating under COVID-19 protocols. This lack of information, however, is not dispositive. To this end, we find *Phillip F.*, *supra*, 78 Cal.App.4th 250, instructive. In *Phillip F.*, the mother was served with notice of the initially scheduled section 366.26 hearing. (*Phillip F.*, at p. 255.) At the time of the hearing, however, the mother did not appear, although her counsel did. (*Id.* at p. 254.) The hearing was continued, and the social services agency mailed written notice of the continued hearing date to the mother at an outdated address. (*Id.* at p. 256.) The mother's counsel, but not the mother, appeared at the continued hearing. Counsel requested the court to set the matter for a contested hearing. At the date of the contested

7

hearing, once again, the mother did not appear but her counsel did. (*Ibid.*) The court found that proper notice had been provided to the mother and terminated her parental rights. (*Id.* at pp. 255–256.)

The Court of Appeal explained that while a parent must be notified of a continued section 366.26 hearing date, courts did not need to follow the statutory notice requirements. (*Phillip F.*, *supra*, 78 Cal.App.4th at p. 258.) Rather, the court emphasized "actual notice of the continued hearing date will suffice." (*Id.* at p. 259.) The appellate court further explained that while there was no direct evidence of such notice in *Phillip F.*, the juvenile "court could have inferred that [the mother] had actual notice of the continued hearing because her appointed counsel had notified her of the continued hearing dates in conformance with counsel's statutory obligation to provide competent representation." (*Ibid.*) The court said such an inference was reasonable because (1) "the court's stated assumption at the . . . hearing that counsel would notify [the mother] in writing of the continued hearing date"; (2) counsel indicated at the first continued hearing that her client wanted the matter set for a contested hearing; (3) "counsel's silence in response to the court's finding . . . that proper notice had been provided to [the mother]"; and (4) because the mother's "request for modification of the court's orders [was] on the ground she was unable to attend, not that she was unaware of, the continued hearing." (*Ibid.*) The appellate court also noted that the mother did not contend that she lacked actual notice of the continued hearing. (*Id.* at p. 260.)

Here, the record provides a reasonable inference that Mother had actual notice of the August 12, 2020 hearing. As noted above, Mother and her counsel appeared at the prior section 366.26 hearing on July 6, 2020, via Zoom. The record does not indicate Mother was unaware of how to appear by

8

Zoom or that she had any difficulties doing so, despite the fact that notice of the July 6 hearing date was sent to the "outdated" Cloverdale address and did not contain any Zoom information.

Then, at the July 6 hearing, Mother requested a continuance, which the court granted over the Department's and minor's counsel's objections, and the court continued the hearing to August 12, 2020. Mother was thus provided with proper oral notice of the continued hearing date in court. (See *Phillip F.*, *supra*, 78 Cal.App.4th at p. 259.) As to the rescheduled hearing time and the Zoom information, an inference of actual notice is appropriate. First, notice was provided to Mother in the same manner as was provided for the July 6 hearing—which Mother attended without problem. Second, Mother's counsel informed the court she provided the Zoom hearing information to Mother on three occasions. Furthermore, Mother's counsel represented Mother was attempting to log onto Zoom at the time of the hearing. Finally, we note that although Mother assails the adequacy of the notice provided by the court, she does not claim she lacked actual notice of the hearing.

The record before us, like the record in *Phillip F.*, contains evidence sufficient to permit an inference that Mother had actual notice of the continued hearing date. (See *In re Desiree M.* (2010) 181 Cal.App.4th 329, 335.) Under all these circumstances, it was reasonable for the court to conclude Mother had sufficient notice to satisfy due process.

## B. Section 366.26 Hearing

Mother next contends the juvenile court should have granted her counsel's request to continue the section 366.26 hearing so she could be present. She claims the court's refusal to do so violated her due process

rights and constituted an abuse of discretion.  We address each argument in turn.

### 1. *Due Process*

Mother first asserts she is entitled to substantive and procedural due process, and those rights were violated when the court conducted the section 366.26 hearing in her absence.  While parents certainly have due process rights in dependency proceedings, we disagree that Mother's rights were violated.

"[D]ue process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " (*In re Melinda J.* (1991) 234 Cal.App.3d 1413, 1418; see *In re Matthew P.* (1999) 71 Cal.App.4th 841, 851 ["In juvenile dependency litigation, due process focuses on the right to notice and the right to be heard."].)  A parent's right to due process in a dependency hearing generally includes the right to testify or present other evidence.  (See *In re Armando L.* (2016) 1 Cal.App.5th 606, 620–621.)

Due process, however, is "a flexible concept dependent on the circumstances." (*In re Tamika T.* (2002) 97 Cal.App.4th 1114, 1122.)  "When a parent is absent without good cause at a properly noticed hearing, the court is entitled to proceed in the parent's absence." (*In re Vanessa M.* (2006) 138 Cal.App.4th 1121, 1131.)  "A parent's failure to appear will not normally constitute the good cause necessary to justify a continuance [citation], because substantial importance is attached to 'the child's need for a prompt resolution of the matter' [citation].  An unjustified failure to appear at a duly noticed hearing reflects a parent's choice not to attend.  [Citation.]  A court may properly treat this choice as a waiver of the right to be present *at that hearing* and of the benefits of being present." (*Id.* at pp. 1131–1132.)

10

Here, Mother failed to appear at the August 12 hearing despite, as discussed in part II.A.2, *ante*, receiving actual notice of that hearing. Mother argues she was not "intentionally absent" because "[i]t is clear that [Mother] was attempting to connect on August 12 to the hearing." All the record reflects, however, is that Mother informed her counsel that she was attempting to connect. Mother does not explain why she was unable to connect despite receiving the Zoom information three times from her counsel. Nor does she make any effort to explain why she did not call the court or her counsel. Nor does she explain why she failed to answer the various telephone calls made by the court and her counsel. She must have been near a telephone because she initially contacted her counsel to report her alleged Zoom log in problems. However, rather than explain these circumstances, Mother merely acknowledges all attempts to contact her by telephone were unsuccessful.

In light of the proper notice provided to Mother, her failure to appear, and the attempts made by her counsel and the court to reach her, we find no error in the court's decision to proceed with the section 366.26 hearing. The court reasonably considered Mother's absence as a "choice not to attend" and "a waiver of the right to be present *at that hearing* and of the benefits of being present." (*In re Vanessa M., supra*, 138 Cal.App.4th at pp. 1131–1132.) Mother's unjustified absence did not constitute a denial of due process.[2]

---

[2] Because we conclude the juvenile court did not err in conducting the section 366.26 hearing in Mother's absence, we need not address whether Mother was harmed by being unable to testify in support of the beneficial relationship exception. However, we note Mother offers no facts or evidence she would have presented that was not otherwise encompassed in the record.

## 2. *Denial of Continuance*

Finally, Mother contends the court abused its discretion by denying her counsel's request for a continuance. She argues nothing in the record suggests a short continuance of a few days would have been harmful to minor.

Section 352 provides, in part: "Continuances shall be granted only upon a showing of good cause and only for that period of time shown to be necessary by the evidence presented at the hearing on the motion for the continuance. Neither a stipulation between counsel nor the convenience of the parties is in and of itself a good cause. . . . Whenever any continuance is granted, the facts proven which require the continuance shall be entered upon the minutes of the court. [¶] . . . In order to obtain a motion for a continuance of the hearing, written notice shall be filed at least two court days prior to the date set for hearing, together with affidavits or declarations detailing specific facts showing that a continuance is necessary, unless the court for good cause entertains an oral motion for continuance." (§ 352, subd. (a)(1)–(2).)

A court may continue any hearing in dependency proceedings, including a section 366.26 hearing. (§ 352, subd. (a); see also *In re Michael R.* (1992) 5 Cal.App.4th 687, 694.) However, "[c]ontinuances in juvenile dependency proceedings are disfavored, particularly when they infringe on maximum time limits under the code." (*In re David H.* (2008) 165 Cal.App.4th 1626, 1635.) The moving party has the burden to demonstrate good cause for a requested continuance. (Evid. Code, §§ 500, 550, subd. (b).) We review an order denying a continuance for abuse of discretion. (*In re Michael R.*, at p. 694.)

12

Here, Mother failed to show good cause for the requested continuance. While Mother asserts she was attempting to appear at the August 12 hearing, and a short continuance was needed to ensure she was able to do so, the juvenile court expressed doubt about her veracity. The court noted Mother had made no effort to contact the court by telephone. Nor did she answer telephone calls made to her by the court and her counsel. The court further noted it granted Mother's last request for a continuance and, in connection with that continuance, ordered her to produce evidence supporting her claim that she was in a vehicle accident. However, Mother failed to produce any such evidence to either her counsel or the Department's counsel despite multiple requests that she do so. In light of these facts, the court could reasonably have doubted Mother's claimed inability to connect to Zoom.

While Mother argues the continuance could have been for a few days, her comment is mere speculation. We have nothing before us to indicate the court, counsel, or other witnesses would have been available on short notice to appear again a few days later. Moreover, at this point in the proceedings, the juvenile court's focus is on " 'the needs of the child for permanency and stability.' " (*In re Celine R.* (2003) 31 Cal.4th 45, 52.) After 18 months of failed reunification efforts and a prior continuance of the section 366.26 hearing on Mother's behalf, the juvenile court did not abuse its discretion in denying Mother's requested continuance. (See *In re C.F.* (2011) 198 Cal.App.4th 454, 466 [juvenile courts have " 'inherent powers' to 'enable them to carry out their duties and ensure the orderly administration of justice' "].)

### III.  DISPOSITION

The order is affirmed.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A161105
*In re A.G.*

14